NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
TOLL BROS., INC.,                                          :
                                                           :
        Plaintiff,              :           Civ. No. 04-6043 (GEB)
                                                           :
        v.                      :         **MEMORANDUM OPINION**
                                                           :
TOWNSHIP OF READINGTON, *et al.*,                          :
                                                           :
        Defendants.             :
_____:

**BROWN, District Judge**

       This matter comes before the Court upon the following motions: (1) motion of defendants the Township of Readington, Township of Readington Planning Board ("the Planning Board"), ten (10) unknown municipal entities, and several government officials, including members of the Planning Board ("the Individual Defendants")(all defendants are referred to collectively as "Defendants") to dismiss plaintiff Toll Bros., Inc.'s ("Toll") Complaint pursuant to Fed. R. Civ. P. 12(b)(6); and (2) motion of Defendants for sanctions against Toll under Fed. R. Civ. P. 11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons discussed herein, will grant Defendants' motion to dismiss the Complaint and deny Defendants' motion for sanctions against Toll.

I.    **BACKGROUND**

On or about January 24, 2001, Toll entered into an option agreement with Readington Properties, LLC, to purchase an approximately 160-acre tract of land located in Readington Township ("the Property").  Approximately 88.2 acres of the Property were zoned Rural Residential and approximately 71.8 acres were located in a Research Office zone.  On or about May 28, 2002, Toll filed an application with the Planning Board for approval of an office development on the Property in the Research Office zone.  Around this time, Toll also alleges that it was in the preliminary planning phase with respect to the portion of the Property zoned Rural Residential.

Toll contends that in early 2002 the Defendants formed an illegal enterprise designed to wrongfully block Toll's development of the Property and thereafter engaged in a pattern and practice of continuous illegal conduct intended to thwart Toll's lawful development rights.  Toll also alleges that the Defendants' actions are part of a larger effort designed to block the rights of other disfavored developers and individuals.  Further, Toll contends that the Defendants' actions intentionally discriminated against families with children.

On December 7, 2004, Toll filed its Complaint in this action.  The Complaint contains eleven (11) Counts: Count I – Equal Protection Violations; Count II – Due Process Violations; Count III – Improper Taking Without Compensation; Count IV – Inverse Condemnation; Count V – Violations of the Federal Fair Housing Act of 1968 (FHA); Count VI – Violations of the New Jersey Law Against Discrimination; Count VII – Violations of the Civil Rights Act; Count VIII – Unlawful Government Action; Count IX – Civil Conspiracy; Count X – Violations of Federal Civil RICO; and Count XI – Violations of State Civil RICO.

On March 31, 2005, Defendants filed a motion to dismiss.  In the first instance, Defendants argue that Toll lacks standing to bring this action.  In the alternative, Defendants argue that: Counts I–IX must be dismissed as time barred; Toll has failed to set forth a cognizable claim under the FHA; the Individual Defendants are entitled to legislative immunity from all claims; Toll has failed to properly plead a RICO cause of action; and if the Complaint is not dismissed, the Court should abstain from exercising jurisdiction over the matter.

On April 28, 2005, Defendants filed a motion for sanctions against Toll, pursuant to Fed. R. Civ. P. 11, asserting that the Complaint contains allegations that evidence a failure to conduct a reasonable inquiry as required by the Rule.

## II.    DISCUSSION

### A.    Standard For A Motion To Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

B.  Standard For Imposition Of Sanctions

Federal Rule of Civil Procedure 11 "authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose," such as "to harass or to cause unnecessary delay or needless increase in the cost of litigation." Martin v.

4

Brown, 63 F.3d 1252, 1264 (3d Cir. 1995)(citing Landon v. Hunt, 938 F.2d 450, 452 (3d Cir. 1991)).  Sanctions under Rule 11 are based on "'an objective standard of reasonableness under the circumstances.'" Landon, 938 F.2d at 453 n.3 (citations omitted).  Reasonableness is "defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir.), cert. denied sub nom. Altran Corp. v. Ford Motor Co., 502 U.S. 939 (1991)(quoting Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)).  A showing of bad faith is not required.  Jones, 899 F.2d at 1358.

    C.  Analysis

        1.  Toll does not have standing to bring this action

      In support of the motion to dismiss, Defendants contend that Toll does not have standing because it merely holds an option to purchase the Property.  The Third Circuit recently summarized the requirements for Article III constitutional standing as follows:

> (1) the plaintiff must have suffered an actual injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Society Hill Towers Owners' Assoc. v. Rendell, 210 F.3d 168, 175-76 (3d Cir. 2000)(quoting Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 484-85 (3d Cir. 1998))(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  In Warth v. Seldin, 422 U.S. 490, 499-500 (1975), the Supreme Court identified additional considerations limiting

the class of persons who have standing.  Among these, the Supreme Court emphasized that "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Id. at 499 (citations omitted).  Defendants argue that Toll cannot demonstrate standing by virtue of its unexercised option because it does not constitute a present interest in the Property and any alleged injury is inherently speculative.  Further, Defendants argue that Toll mischaracterizes itself as the "contract purchaser" of the Property to mask that it is "assum[ing] the role of a stalking horse for the real party in interest," i.e. the actual owner of the property, Readington Properties, LLC, who is not a party to this litigation.

Toll counters that the owner of an option or contingent agreement to purchase a property has an interest sufficient to confer Article III standing and that it has a sufficient "personal stake in the outcome of the controversy," emphasizing that it has expended substantial funds to maintain its option and develop plans for development of the Property.  See Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 260-61 (1977).  In Arlington Heights, the Supreme Court considered whether a "contract purchaser whose contract is contingent upon rezoning" had standing to challenge the denial of a request for rezoning.  See Arlington Heights, 429 U.S. at 260-63 and n.8.  The Supreme Court clarified that "[t]he essence of the standing question, in its constitutional dimension, is 'whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.'"  Arlington Heights, 429 U.S. at 260-61 (quoting Warth, 422 U.S. at 498-99)(quoting Baker v. Carr, 369

U.S. 186, 204 (1962)).

The Supreme Court emphasized: (1) that the detailed and specific nature of the proposed development project provided the "'essential dimension of specificity' that informs judicial decisionmaking," Arlington Heights, 429 U.S. at 263 (quoting Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 221 (1974)); and (2) that the plaintiff had expended considerable sums of money to develop plans and conduct studies to support its petition for rezoning.  Id. at 261-62. Therefore, the Court concluded that the developer had standing to assert its own rights, among them its right to be free from arbitrary and irrational zoning actions, because it had demonstrated a personal stake in the controversy "likely to be redressed by a favorable decision."  Id. at 262 (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).  Like Arlington Heights, this case involves a detailed and specific project.  Further, Toll alleges that it has expended substantial funds to maintain its option, to develop plans for both the planned residential and research office developments on the Property and to seek approval of its development plans.

However, Toll, unlike the developer in Arlington Heights, is not a non-profit organization whose primary interest is making low-income housing available rather than turning a profit.  Toll attempts to mask this distinction by arguing throughout its Complaint that the challenged conduct discriminates against families with children.  However, it is clear that this action was not commenced in order to redress discrimination against families with children.  Unlike Arlington Heights and many of the other cases cited by Toll to support its position, prospective tenants aggrieved by the allegedly discriminatory zoning actions are not a party to this action.  Toll's primary interest in this action is clearly economic gain.

In <u>Assisted Living Assocs. of Moorestown v. Moorestown Twp.</u>, 996 F. Supp. 409 (D.N.J. 1998), another case relied upon by Toll to support its position, the plaintiff developer was a limited liability company that constructed assisted living facilities.  The company had been authorized to construct such a facility anywhere in Burlington County by the New Jersey Department of Health in a certificate of need.  The case was also commenced by Doe plaintiffs described as prospective tenants of the assisted living facility.  The court held that the company had standing to maintain a cause of action on its own behalf and in the name of the Doe plaintiffs, reasoning that "[p]reventing a developer from providing housing to the elderly and handicapped by denying the elderly and handicapped a reasonable accommodation and by resorting to discrimination against the development's future residents, is not a conjectural injury under the FHA." <u>Assisted Living</u>, 996 F. Supp. at 425.  This court finds that the facts presented in this case are markedly different from those in <u>Assisted Living</u>, and neither the holding nor reasoning in <u>Assisted Living</u> support Toll's position.

Defendants further argue that Toll is unable to demonstrate a "substantial likelihood that the requested relief will remedy the alleged injury in fact," <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 399 F.3d 248, 253 (3d Cir.), <u>cert. denied</u>, 125 S. Ct. 2951 (2005)(quoting <u>McConnell v. FEC</u>, 540 U.S. 93, 225-26 (2003)), because it has not exercised its option, rendering any alleged injury inherently speculative. Defendants contend that this Court would effectively render an advisory opinion because, even if the Court were to rule in Toll's favor, it need not exercise its option.  Toll relies on <u>Arlington Heights</u>, <u>inter</u> <u>alia</u>, to support its position that the existence of uncertainties or contractual contingencies does not deprive it of standing.  <u>See</u> <u>id.</u> at 261-62.

In <u>Arlington Heights</u>, the developer had entered into a 99-year lease that was effective

8

immediately but contingent upon the developer securing zoning clearances to construct the project.  The Supreme Court referred to the developer as the "contract purchaser."  In the present case, Toll is not a "contract purchaser," despite its attempts to characterize itself as such.  Toll is the owner of an unexercised option.  Unlike in Arlington Heights, Toll does not automatically become the owner of the property in the event of a favorable decision in this case.  As Defendants point out, Toll is still free to elect not to exercise the option.  Therefore, the Court finds that Toll's alleged injury would not be redressed by a favorable decision in this case.

The Court finds that Toll's alleged injury is merely "conjectural or hypothetical" and not "concrete and particularized," nor is it likely to be "redressed by a favorable decision" of this Court pursuant to the requirements of the test for standing set forth by the Third Circuit. Therefore, Defendants' motion to dismiss Toll's Complaint for lack of standing will be granted.

### 2.   Defendants' other claims need not be addressed

As noted above, Defendants' motion to dismiss presented further bases of objection to Toll's Complaint.  However, having determined that Toll does not have standing to bring this action against Defendants, the Court will not address the other issues in Defendants' motion to dismiss.

### 3.   Sanctions should not be imposed against Toll

Defendants moved for sanctions against Toll, pursuant to Fed. R. Civ. P. 11, due to Toll's Complaint allegedly setting forth false assertions masked as facts and failing to meet the requirements of Federal Rule of Civil Procedure 9(b) where asserting criminal activity on the part of Defendants.  "Generally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritous or frivolous.'"  Ford Motor Co., 930 F.2d at 289

9

(quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).  The Third Circuit has similarly cautioned that Rule 11 is "reserved for only exceptional circumstances."  Morristown Daily Record, Inc. v. Graphic Communiations Union, Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987).   Furthermore, this Court's dismissal of Toll's Complaint does not alone necessitate a finding that the Complaint was utterly without merit.  See Ford Motor Co., 930 F.2d at 289.

Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing."  Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994)(citing Business Guides, Inc. v. Chromatic Communications Enter., Inc., 498 U.S. 533, 551 (1991)).  As previously set forth, reasonableness is "defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact."  Ford Motor Co., 930 F.2d at 289 (quoting Jones, 899 F.2d at 1359).   Sanctions are appropriate where "the filing of the complaint constituted abusive litigation or misuse of the court's process."  Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir.), cert. denied sub nom. Herman Bros., Inc. v. Teamsters Local Union No. 430, 488 U.S. 848 (1988).

Defendants first contend that Toll's description of itself as the "contract purchaser" of the Property is untrue where Toll merely owns an option to purchase the Property.  Defendants contend that the Complaint constituted misuse of the court's process by simply being a tool to bully Defendants into acceding to Toll's wishes.  Defendants' first contention does not meet this standard.  Toll's assertion of being a "contract purchaser" is merely a misunderstanding and misapplication of the law.  Although this Court disagrees with Toll's construction of "contract

10

purchaser" as it applies to the facts of this case, given the directive that Rule 11 sanctions are reserved for exceptional circumstances, this assertion by Toll fails to rise to the level of a "patently unmeritous or frivolous" pleading necessary for the imposition of sanctions.

Defendants' second contention that Toll's claims of criminal activity on the part of the Individual Defendants were included in the Complaint as a means of intimidating Defendants into submitting to Toll's demands and fail to meet the requirements of Rule 9(b) similarly is not grounds for the imposition of sanctions. Without passing upon the merits of Toll's claims, see Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987), it cannot be said that Toll's claims are patently frivolous. Given even a tenuous, yet reasonable, factual basis for the claims set forth in Toll's complaint, sanctions will not be imposed against Toll. See Ford Motor Co., 930 F.2d at 290.

Counts X and XI of Toll's Complaint, alleging violations of federal civil RICO and violations of state civil RICO, respectively, incorporated the allegations in the preceding 197 paragraphs of the Complaint, and then proceeded to allege the specific violations. The Third Circuit has stated that Rule 9(b) is satisfied where the plaintiff describes "the nature and subject" of the alleged acts, even without pleading precise allegations of date, place or time. Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985). Pleading such "circumstances" of the alleged fraud is sufficient under the notice pleading standard imposed by Rule 9(b). Id. Toll has sufficiently met that burden here. Therefore, Defendants' claim that Toll's Complaint is silent as to specific facts, in violation of Rule 9(b), and thereby in violation of Rule 11, is without support.

11

**III**.     **CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss the Complaint is granted and Defendants' motion for sanctions against Toll is denied.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: October 28, 2005

                                                                 s/ Garrett E. Brown, Jr.         
                                                              GARRETT E. BROWN, JR., U.S.D.J.

12