NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOLL BROS., INC., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 04-6043 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| TOWNSHIP OF READINGTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, District Judge**

This matter comes before the Court upon Plaintiff Toll Bros., Inc.'s ("Toll") motion for reconsideration of this Court's October 28, 2005 Memorandum Opinion and Order that dismissed Toll's Complaint and/or for leave to amend the Complaint. The Court decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Toll's Reply brief is stricken from the record and Toll's motion is denied.

I.      DISCUSSION

On December 7, 2004, Toll filed its Complaint against defendants the Township of Readington; the Township of Readington Planning Board; ten (10) unknown municipal entities; and several government officials, including members of the Planning Board (all defendants are referred to collectively as "Defendants"). The Complaint contained eleven (11) Counts alleging that Defendants formed an illegal enterprise designed to wrongfully block Toll's development of the property that Toll had entered into an option agreement to purchase and thereafter engaged in

a pattern and practice of continuous illegal conduct intended to thwart Toll's lawful development rights.  Toll also alleged that Defendants' actions were part of a larger effort designed to block the rights of other disfavored developers and individuals.  Further, Toll contended that Defendants' actions intentionally discriminated against families with children.

On March 31, 2005, Defendants moved to dismiss the Complaint for lack of standing, or, in the alternative, on statute of limitations, insufficiency of pleadings, legislative immunity, and abstention grounds.  On April 28, 2005, Defendants filed a motion for sanctions against Toll, pursuant to Federal Rule of Civil Procedure 11, asserting that the Complaint contained allegations that evidenced a failure to conduct a reasonable inquiry as required by the Rule.  On October 28, 2005, this Court granted Defendants' motion to dismiss the Complaint for lack of standing, declining to consider the other grounds, and denied Defendants' motion for sanctions. On November 3, 2005, Toll moved for reconsideration with respect to the dismissal of the Complaint for lack of standing, pursuant to Local Civil Rule 7.1(i).

The standard for reconsideration is high and reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. Civ. R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood

---

[1]  On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed.  Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process.  Bowers, 130 F. Supp. 2d at 613 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion  for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).

In the instant matter, Toll has not presented changes in the controlling law, nor has Toll presented new evidence that would alter this Court's prior ruling.[2]  Toll raises arguments made in the underlying motion to dismiss and merely expresses disagreement with the Court's analysis and conclusion.  This is improper on a motion for reconsideration.  Accordingly, the Court will

_____

[2] Although Toll raises the issue of the New Jersey Superior Court decision granting standing during the pendency of the motion to dismiss before this Court, "[s]tanding to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court."  Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994)(quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)).  Thus, to achieve standing, Toll must satisfy "both the case and controversy requirements of Article III of the Constitution and certain prudential requirements."  Id. (citations omitted).

not alter its initial conclusion that the facts, as alleged in the Complaint, do not confer Article III standing upon Toll.

Toll further asserts that the Court overlooked its request for leave to replead to correct any perceived pleading defects. However, that request was only made in footnotes to Toll's argument with respect to the Fair Housing Act and RICO claims and reiterated in the conclusion of Toll's initial opposition to the motion to dismiss. After deciding the standing issue, the Court declined to consider both Defendants' and Toll's argument on those issues. Therefore, the Court did not identify any pleading defects, but instead a failure to meet the requirements of Article III standing. Consequently, Toll's motion for reconsideration of this point is denied.

With regard to Toll's Reply brief, "[r]eply and further briefs are not permitted without permission." See Allyn Z. Lite, New Jersey Federal Practice Rules 52 (2006 ed.); see also Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 n.2 (D.N.J. 2002)(stating that "Defendant's reply brief is an improper attempt to get a third bite of the proverbial apple."). Given that Toll filed its Reply brief without first seeking permission from this Court, Toll's Reply shall be stricken from the record.

**II**.    **CONCLUSION**

For the reasons stated above, Toll's motion for reconsideration is denied and Toll's Reply brief is stricken from the record.

Dated: December 5, 2005

                                   <u>   s/ Garrett E. Brown, Jr.       </u>
                                     GARRETT E. BROWN, JR., U.S.D.J.